UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS PAUL WILLIAMS,

    Plaintiffs,

v.

HENRY RICHARDS *et al.*,

    Defendant.

Case No. C05-5289RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**July 8th, 2005**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. After reviewing the complaint in this action the undersigned recommends that the action be **DISMISSED WITHOUT PREJUDICE** prior to service and any pending motions be **DENIED**.

This action is one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiff challenges nearly every aspect of his confinement conditions from visits and phone use to computer access. The complaint implicates the treatment environment at the SCC. The complaint is a 36 page form complaint.

The plaintiffs in these actions are all persons confined at the SCC for mental health treatment or persons awaiting commitment proceedings. The SCC is designed to treat persons

REPORT AND RECOMMENDATION
Page - 1

1   whose mental abnormalities or personality disorders make them likely to engage in predatory acts
2   of sexual violence.

3       For over a decade the SCC has operated under federal oversight as a result of injunctions
4   issued by the Western District Federal Court in Seattle.  The court found the conditions of
5   confinement in 1991 to be unconstitutional and found the mental health treatment offered at that
6   time to be inadequate.  <u>Turay v. Seling</u>, C91-0664RSM.  In the subsequent decade the court
7   addressed the treatment environment in great detail.  Federal oversight continues in a limited
8   capacity to this day.  There have been high and low points during the years of oversight including
9   findings of contempt, and findings that portions of the injunction had been fulfilled.  On June 19th,
10  2004 the court found the defendants in substantial compliance and lifted the injunctions with one
11  exception.  <u>Turay v. Seling</u>, C91-0664RSM (Dkt # 1906).

12      Despite indicating portions of the injunction were dissolved the court indicated that
13  judicial oversight continues to insure there is no "backsliding".  <u>Turay v. Seling</u>, C91-0664RSM
14  (Dkt # 1906).  The case is currently stayed.

15      All of the issues plaintiff is attempting to raise in this litigation were raised or could have
16  been raised in the compliance proceedings in <u>Turay</u>. Indeed, the new facility which is the focus of
17  this litigation was constructed because of findings made in the <u>Turay</u> case.

18      The new facility was constructed to comply with the courts findings and orders and was
19  constructed at a time when the operation of the SCC was under judicial oversight.  For this court
20  to consider a case which calls into question the operating procedures while another court is
21  monitoring the operating conditions will undoubtedly result in a duplication of effort and a waste
22  of judicial resources.  It is ill advised for this court to consider matters that are under the control
23  of another judge.

24      *In forma pauperis* complaints may be dismissed before service under 29 U.S.C. § 1915
25  (d).  <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).  Leave to amend is not necessary where it is
26  clear that the deficiencies in the complaint cannot be cured by amendment.

27      **Here, the deficiency is the attempt to bring a separate action while judicial oversight**

28

1 **of the facility is before another District Court Judge.**  The court is aware of a recent
2 unpublished decision by the 9th Circuit in <u>Scott v. Seling</u>, C03-5398RBL; (9th Cir. No. 4-35101).
3 The court does not believe amendment to be proper as the defect in the case is not failure to state
4 a claim.  The defect is the attempt to open multiple actions challenging the treatment environment
5 while that environment is being monitored by another District Court.  This action should be
6 **DISMISSED WITHOUT PREJUDICE.**  A proposed order accompanies this report and
7 recommendation.

8   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure,
9 the parties shall have ten (10) days from service of this Report to file written objections.  *See also*
10 Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes
11 of appeal.  <u>Thomas v Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
12 72(b), the clerk is directed to set the matter for consideration on **July 8th, 2005**, as noted in the
13 caption.

15   DATED this 10th day of June, 2005.

17   <u>/S/ *J. Kelley Arnold*</u>
    J. Kelley Arnold
    United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3